# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SUR-TEC, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-2218-CM |
| | ) |
| COVERTTRACK GROUP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Sur-Tec, Inc.'s motion for jurisdictional discovery (Doc. 16). For the reasons below, the court denies plaintiff's motion.

### I. Factual and Procedural Background

Plaintiff alleges that it is an industry leader in developing advanced surveillance technologies for use by different levels of law enforcement agencies. Its products include covert-surveillance-technology devices. Plaintiff filed this patent infringement suit against defendants, arguing that they sell infringing products in Kansas. Plaintiff has voluntarily dismissed defendants CovertTrack Group, Inc. and Tag 5 Industries LLC. As a result, only defendant Keywave, LLC ("defendant") remains.

In its Amended Complaint, plaintiff's allegation regarding whether defendant is subject to personal jurisdiction in this court states that defendant "offer[s] for sale and sell[s] various products, including the alleged products complained of . . . within this District." (Doc. 5 at ¶8.) Plaintiff further alleges that defendant is infringing two of its patents by "making, importing, using, selling, and/or offering for sale . . . within this District, one or more devices and systems that embody the claimed invention." (*Id*. at ¶¶15, 22.)

Defendant filed a motion to dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim (Doc. 10). In its motion to dismiss, defendant argued that plaintiff failed to sufficiently allege that defendant is subject to personal jurisdiction in Kansas. Defendant further stated that it has no contacts with Kansas, nor has it ever "purposefully directed" any activity toward Kansas. (Doc. 11 at 7.) In further support, defendant attached to its motion the declaration of J. Keith McElveen (Doc. 11-1).

Plaintiff then filed an unopposed motion for extension of time (Doc. 12) indicating that plaintiff intended to seek jurisdictional discovery and that the parties were in the process of discussing whether defendant would consent to the discovery. After a series of conversations via email, the parties were unable to come to an agreement regarding the proposed jurisdictional discovery. Both parties attached the email communications to their filings, and the court will not recount the conversations here. (Docs. 16-1, 21-1–21-5.)[1]

Plaintiff's motion for jurisdictional discovery points out several perceived deficiencies in Mr. McElveen's declaration. These deficiencies include that: (1) Mr. McElveen did not deny that defendant has "used" infringing products in Kansas; (2) Mr. McElveen "conspicuously omits any statement regarding [defendant]'s distributors or other representatives selling or offering for sale infringing products to Kansas-resident entities or individuals"; and (3) defendant failed to deny that

---

[1] Defendant argues that plaintiff violated the meet and confer obligations contained in D. Kan. R. 37.2 because counsel for plaintiff never responded to counsel for defendant's last email, in which defendant indicated its willingness to respond to some—but not all—of the jurisdictional requests. (Doc. 21 at 1–3.) Instead, defendant states that plaintiff filed the instant motion without attempting to talk to defendant about the agreed-to discovery. (*Id*. at 3.) Defendant further argues that plaintiff failed to provide a certification detailing the efforts taken by the parties to resolve the issue.

In response, plaintiff argues that it was defendant who failed to respond to plaintiff's email, and that plaintiff moved for jurisdictional discovery only after the parties reached an impasse. Plaintiff further alleges that it was defendant who violated D. Kan. R. 37.2. Although the court does acknowledge that the way in which this case has arrived at its current posture is not ideal, the court declines to engage in a detailed discussion to determine whether either party violated D. Kan. R. 37.2. The emails indicate that the parties did attempt to resolve the issues, and the court will focus on the merits of the motion.

defendant, "its distributors, and other representatives have engaged in all potentially relevant types of business activity directed toward Kansas." (Doc. 17 at 7.) Plaintiff argues that these deficiencies create a controversy as to the jurisdictional facts.

Plaintiff also claims that defendant may have a distributor that may "sell or offer for sale the accused products in Kansas or to Kansas-resident entities or individuals sufficient to show defendant has established distribution channels and . . . an expectation that its accused product will be sold or used in Kansas sufficient to establish personal jurisdiction." (*Id*. at 7–8.) Plaintiff argues that jurisdictional discovery is required to ascertain "the identity of [defendant]'s distributors and other representatives and the nature, scope, and geographical extent of their sales . . . ." (*Id*. at 8.)

**II.     Legal Standard**

After a defendant moves to dismiss for lack of jurisdiction, discovery should be granted to either party on the factual issues raised in the motion. *First Magnus Fin. Corp. v. Star Equity Funding, L.L.C.*, No. 06-2426-JWL, 2007 WL 635312, at *10 (D. Kan. Feb. 27, 2007) (quoting *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326) (10th Cir. 2002) (quotation omitted)). The court enjoys wide discretion in determining whether jurisdictional discovery is warranted. *Id*. (citation omitted). A refusal to grant discovery may constitute an abuse of discretion if doing so operates to prejudice the plaintiff. *Id*. (citing *Sizova*, 282 F.3d at 1326). Prejudice occurs upon a refusal to grant the motion for jurisdictional discovery "'if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary.'" *Proud Veterans, LLC v. Ben-Menashe*, No. 12-cv-1126-JAR, 2012 WL 6681888, at *1 (D. Kan. Dec. 21, 2012) (quoting *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 120 F. App'x 586, 589 (10th Cir. 2006) (citing *Sizova*, 282 F.3d at 1326)). However, a request for jurisdictional discovery must be supported by more than a mere "hunch that it might yield jurisdictionally relevant facts." *Breakthrough Mgmt. Grp. v. Chukchansi Gold Casino &*

*Resort*, 629 F.3d 1173, 1190 (10th Cir. 2010) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

**III.     Discussion**

As is explained above, plaintiff argues that jurisdictional discovery is appropriate because defendant failed to fully refute plaintiff's allegations that defendant "uses" infringing products in Kansas, or that its distributors have sold these products in Kansas or to Kansas entities or individuals. But in defendant's response to the motion, defendant submitted a supplemental declaration from Mr. McElveen (Doc. 21-6). In Mr. McElveen's declaration, defendant makes clear that it "has not used and does not use any products in the state of Kansas," (*Id*. at ¶6), that it "does not utilize any distributors, intermediaries, agents, brokers, wholesalers or other representatives to sell, offer for sale, make, manufacture or use products in the state of Kansas or to/through any Kansas-related entities," (*Id*. at ¶7), that it "does not control any distribution channels that direct business activity towards the state of Kansas," (*Id*. at ¶8), and "does not engage in any business activities in the state of Kansas." (*Id*. at ¶9.) Thus, all of the perceived deficiencies pointed out by plaintiff have been cured by Mr. McElveen's supplemental declaration.

In an attempt to refute Mr. McElveen's declarations, plaintiff points to the websites of two of defendant's alleged business partners as evidence that defendant is subject to personal jurisdiction in Kansas. However, plaintiff's path in arriving at this conclusion is somewhat difficult to follow. Upon information and belief, plaintiff alleges that:

- Defendant "markets its technologies in association with Wave Sciences Corporation ("WSC"), a company founded and headed by Mr. McElveen that shares a principal office address with [defendant]." (Doc. 22 at 5.)

- WSC's website identifies several products similar to those offered by plaintiff and defendant—products that are allegedly covered by one of plaintiff's patents.
- WSC's website names several of WSC's partners and dealers, including defendant and a company called Advanced Marketing & Sales Associates ("AM&S").
- AM&S is defendant's dealer and distribution agent for the state of Kansas. Plaintiff argues that AM&S's website supports this assertion, because the website contains instructions to gain access to classified products and because the website states that AM&S "supports and attends the conferences of various state narcotics-officers associations," one of which is the Kansas Narcotics Officers Association ("KNOA"). (*Id*.)

Plaintiff also attaches to its reply screen shots from the websites of WSC, AM&S, and KNOA. Plaintiff argues that the facts listed above and the attached screen shots show that jurisdictional facts are controverted and that discovery is necessary. The court disagrees. The facts relied upon by plaintiff—that defendant *may* partner with WSC to market its products, that WSC lists as a partner and/or dealer (in addition to defendant) AM&S, that AM&S *may* be defendant's dealer and distributor for Kansas, and that AM&S states on its website that one of the conferences it supports and attends is the KNOA—show only an extremely attenuated connection to Kansas, if any. In contrast, the original and supplemental declarations of Mr. McElveen establish no relevant connections to Kansas.

Because the declarations cure the alleged deficiencies, and because plaintiff brings forth no additional supported allegations, jurisdictional discovery is not appropriate under these circumstances. *See Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery . . . should it conclude that such discovery will be a fishing expedition.") (citation omitted)). Plaintiff suffers no prejudice

here—Mr. McElveen's declarations show that no jurisdictional facts are actually controverted, and the additional exhibits attached to plaintiff's reply do not change this result. *See Custom Cupboards, Inc. v. Cemp SRL*, No. 10-1060-JWL, 2010 WL 1854054, at *5 (D. Kan. May 7, 2010) (denying motion for jurisdictional discovery where plaintiff failed to submit any evidence to refute facts outlined in defendant's affidavit). Plaintiff's allegations are speculative and conclusory, and the court exercises its discretion in denying plaintiff's motion. Plaintiff's motion for jurisdictional discovery is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Jurisdictional Discovery and Motion to Extend the Deadline to Respond to Keywave, LLC's Motion to Dismiss (Doc. 16) is denied.

**IT IS FURTHER ORDERED** that plaintiff's response to defendant's motion to dismiss (Doc.10) is due on or before April 21, 2014.

Dated this 31st day of March, 2014, at Kansas City, Kansas.

>    s/ Carlos Murguia
>    **CARLOS MURGUIA**
>    **United States District Judge**